Because I believe that there was sufficient evidence before the trial court to find Hinton a sexual predator and because that classification was not against the manifest weight of the evidence, I respectfully dissent.
With respect to the sufficiency of the evidence in this case, I am mindful of the Ohio Supreme Court's recent recognition in State v.Eppinger[1] that a "an offender who preys on children, for example, may fit the pedophile profile, a class of sex offenders known for their especially high rate of recidivism. There may be sufficient evidence in the transcripts, victim impact statements, presentence investigation reports, prior history of arrests and convictions, age, etc., presented at the sexual offender classification hearing with respect to the R.C.2950.09(B)(2) factors as they related to the likelihood of reoffending."
This court has recently cited the aforementioned observation, in Statev. Brooks,[2] when affirming the trial court's classification of Brooks as a sexual predator. In that case, Brooks had engaged in sexual contact with his two natural children and his three step-children, the ages of whom ranged from three to thirteen years. In evaluating whether Brooks was likely to engage in the future in one or more sexually-oriented offenses, the trial court had before it only the grand-jury testimony. From that testimony came the following factors that the trial court relied on in determining that Brooks was a sexual predator: that Brooks was thirty years old when these sexual offenses occurred; that the victims were all under the age of thirteen; that there were multiple victims; that there was a demonstrated pattern of abuse; and that Brooks had a criminal record.[3]
In the case sub judice, the state also only presented evidence that involved the circumstances of the original offenses. From that evidence came the following factors that the trial court relied on in determining that Hinton is a sexual predator: that Hinton was in his thirties at the time of the sexual offenses; that Hinton's sexual offenses demonstrated a pattern of abuse; that his multiple victims were of a tender age; and that Hinton had used his position of trust to perpetrate his crimes. As this was sufficient evidence in Brooks to find that the offender was likely to engage in the future in one or more sexually-oriented offenses, I would, applying the analysis in Brooks, hold that there was sufficient evidence presented to the trial court here to clearly and convincingly support the finding that Hinton is a sexual predator. Accordingly, I would decide this case on the manifest weight of the evidence.
As already noted by the majority, the Ohio Supreme Court has held inThompson, supra, that a trial court, when considering the R.C.2950.09(B)(2) factors in a sexual-predator-classification hearing, has the discretion to determine the weight to be given to each factor. As I would decide this case under a weight-of-the-evidence standard, I findThompson controlling. A review of the record reveals that the trial court found the age and number of the victims, the pattern of abuse and the fact that Hinton's crimes were facilitated by Hinton's relationship with the children more relevant than any attempts Hinton had made at rehabilitation. As I cannot conclude that the trial court abused its discretion in giving more weight to certain factors, I would find that the trial court's determination was not against the manifest weight of the evidence and affirm its judgment.
[1] (2001), 91 Ohio St.3d 158, 743 N.E.2d 881.
[2] (June 29, 2001), Hamilton App. No. C-000643, unreported.
[3] Id.